# UNITED STATES DISTRICT COURT
# MIDDLE DISTRICT OF FLORIDA
# FORT MYERS DIVISION

FREDERICK L. FELDKAMP; JUDITH L. FELDKAMP,

            Plaintiffs,

-vs-                                  Case No. 2:09-cv-253-FtM-29SPC

LONG BAY PARTNERS, LLC a Florida limited liability company,

            Defendant.

_____

## ORDER

This matter comes before the Court on the Defendant, Long Bay Partners, LLC.'s Motion to Compel Answers to Interrogatories and Responses to Document Requests (Doc. #51) filed on January 4, 2010. The Plaintiff filed their Response in Opposition (Doc. # 59) on February 2, 2010. The Motion is now ripe for review.

In their Response, the Plaintiffs stated that they produced all responsive documents in their possession, custody, or control in three (3) installments, on January 15, 2010, January 19, 2010, and finally on January 27,2010. Defendant deposed both of the Feldkamps on January 20 and 21,2010, for a total of more than eight (8) hours. On January 27, 2010, the Feldkamps served their amended responses to the interrogatories and document requests. On February 2, 2010, the Defendant's Counsel filed the Defendant's Certification of Good Faith Efforts to Resolve Defendant's Motion to Compel Answers to Interrogatories and Responses to Document Requests (Doc. # 58). In that filing, the Defendant states the amended responses resolved all of the issues involved in the instant

Motion with the exception of Interrogatories numbers 3, 14 and 15, and Document Requests numbers 14 and 18. The Defendant then states the remaining answers are deficient regarding Interrogatories 1, 2, 4-12, 15, and 19.

Regarding Interrogatory number 1, the Plaintiffs listed the individuals with whom they spoke in depth and mentioned that they spoke with 100s of others but could not recall all of the individuals they casually spoke with. The Defendant states that by not turning over all of the names, the Plaintiffs were planning a trial by ambush. The Defendant's response and interrogatory are overreaching. It would not be practical nor feasible to interview or call as witnesses 100s of individuals that had casual conversations about joining the Club. Furthermore, it will not be trial by ambush because the Plaintiffs may not call at the trial individual witnesses whose names were not divulged to the Defendant during discovery. Interrogatory number 16 is merely duplicative of number 1. The Plaintiff will have to produce the names of anyone with substantial knowledge, but anyone that had a casual conversation or inquiry about the Club is not relevant to the case. As noted above, no witnesses may be called that are not produced.

Regarding Interrogatories number 2, 4-12, the Plaintiffs amended responses stated they "will produce responsive documents in their possession, custody or control, which are sufficient to establish or negate the referenced allegation." The Defendant argues the response is insufficient because the Plaintiffs must produce all documents in their custody and control not just the documents that support or negate their allegations. While the Court agrees that all documents must be produced, the Plaintiff's response states emphatically that all documents in their custody and control have been produced. (Doc. # 59, pp.5-6). Thus, the Motion to Compel documents 2, 4-12 is due to be denied.

Request number 15 requests any and all communications between the Plaintiffs and Cheffy

Passidomo, P.A.  The Plaintiff has agreed to produce all of the documents that relate directly to the Plaintiff's claim.  Thus, the Motion to Compel is due to be denied.   Likewise with request number 19, the Plaintiff has agreed to produce all of the documents that directly relate to the claim in this case.

Thus, based upon the Plaintiff's response to the Defendant's Motion and Certificate of Compliance, the Court does not find good cause to grant the Motion to Compel.

Accordingly, it is now

**ORDERED:**

The Defendant's Motion to Compel Answers to Interrogatories and Responses to Document Requests (Doc. #51) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___8th___ day of February, 2010.

SHERI POLSTER CHAPPELL
UNITED STATES MAGISTRATE JUDGE

Copies: All Parties of Record