UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDERICK L. FELDKAMP; JUDITH L. FELDKAMP,

    Plaintiffs,

vs.    Case No. 2:09-cv-253-FtM-29SPC

LONG BAY PARTNERS, LLC a Florida limited liability company,

    Defendant.
_____

**OPINION AND ORDER**

    This matter comes before the Court on Dispositive Motion to Dismiss Counts I, II and III of the Amended Complaint and Memorandum of Law in Support by Long Bay Partners, LLC (Doc. #28) filed on July 21, 2009. Plaintiffs filed a Memorandum of Law in Opposition (Doc. #31) on August 7, 2009. Also before the Court is Plaintiffs' Motion for Partial Summary Judgment With Respect to Counts I and III of the First Amended Complaint (Doc. #33) filed on September 4, 2009, with plaintiffs' Supplement to Motion (Doc. #40) filed on November 20, 2009. Defendant Long Bay Partners, LLC (LBP) filed a Memorandum of Law in Opposition (Doc. #37) on September 25, 2009.

    As a threshold matter, the Court finds that plaintiffs have failed to adequately allege the existence of diversity jurisdiction in the First Amended Complaint (Doc. #22). Thus, the First Amended Complaint will be dismissed on this ground, with leave to amend to cure the pleading deficiency.

Federal courts are courts of limited jurisdiction, and the Court is required to inquire into its jurisdiction at the earliest possible point in the proceeding. Kirkland v. Midland Mortg. Co., 243 F.3d 1277, 1279-80 (11th Cir. 2001). Plaintiffs assert diversity jurisdiction as the sole basis for jurisdiction in federal court (see Doc. #22, ¶3). Diversity jurisdiction may be established where the amount in controversy exceeds $75,000 exclusive of interest and costs and is between citizens of different States. 28 U.S.C. § 1332(a)(1). Section 1332 requires complete diversity, that is, all plaintiffs must be diverse from all defendants. Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1806); Triggs v. John Crump Toyota, 154 F.3d 1284, 1287 (11th Cir. 1998). It appears that the First Amended Complaint adequately fulfills the "amount in controversy" requirement, as it seems to allege an amount in controversy of $92,000.[1]

The First Amended Complaint, however, fails to adequately allege complete diversity of citizenship between the parties. Plaintiffs are both represented to be citizens and residents of the State of Michigan. Defendant LBP is represented to be a Florida limited liability company, with a principal place of business in

---

[1] The Court notes an inconsistency, however, as certain portions of the First Amended Complaint state that LBP owes plaintiffs "the full amount of the membership deposit, $92,000, *less unpaid charges as of March 31, 2009*." (Doc. #22, ¶44 (emphasis added); see also id. at ¶33.) In other portions, the First Amended Complaint states that plaintiffs should be awarded the full membership deposit of $92,000 from LBP. (Id. at ¶¶ 48; see also id. at ¶¶ 17, 26, 31, 48.)

Florida.  For diversity purposes, the citizenship of a limited liability company such as LBP is determined by the composition and citizenship of its members.  <u>Rolling Greens MHP, L.P. v. Comcast SCH Holdings L.L.C.</u>, 374 F.3d 1020, 1022 (11th Cir. 2004) ("[L]ike a limited partnership, a limited liability company is a citizen of any state of which a member of the company is a citizen") (collecting cases); <u>see also</u> <u>Xaros v. U.S. Fidelity & Guaranty Co.</u>, 820 F.2d 1176, 1181 (11th Cir. 1987); <u>Carden v. Arkoma Assoc.</u>, 494 U.S. 185, 195-96 (1990).  If any of the members of the limited liability company is a corporation, then under 28 U.S.C. § 1332(c), "a corporation shall be deemed to be a citizen of any State by which it has been incorporated and of the State where it has its principal place of business."[2]

The First Amended Complaint does not list the members of LBP or the citizenship of such members, as is required to establish diversity.[3]  Thus, the Court finds that the First Amended Complaint

---

[2] "[The] 'principal place of business' is best read as referring to the place where a corporation's officers direct, control, and coordinate the corporation's activities.  It is the place that Courts of Appeals have called the corporation's 'nerve center.'  And in practice it should normally be the place where the corporation maintains its headquarters–provided that the headquarters is the actual center of direction, control, and coordination, *i.e.*, the 'nerve center' and not simply an office where the corporation holds its board meetings (for example, attended by directors and officers who have traveled there for the occasion)."  <u>Hertz Corp. v. Friend</u>, 130 S. Ct. 1181, 2010 U.S. LEXIS 1897, at **28-29 (Feb. 23, 2010).

[3] It appears that defendant LBP's Certificate of Interested Persons and Corporate Disclosure Statement (Doc. #10) lists Bonita
(continued...)

fails to adequately establish diversity jurisdiction and the First Amended Complaint will be dismissed on that basis.  Plaintiffs, however, will be given the opportunity to amend the pleading to cure this deficiency.  28 U.S.C. § 1653.

Accordingly, it is now

**ORDERED:**

1.  The Court shall *sua sponte* **dismiss without prejudice** the First Amended Complaint (Doc. #22) with leave to file a "Second Amended Complaint" within **TWENTY-ONE (21) DAYS** of this Opinion and Order and in compliance with the Court's directions.

2.  The Dispositive Motion to Dismiss Counts I, II and III of the Amended Complaint and Memorandum of Law in Support by Long Bay Partners, LLC (Doc. #28) is **DENIED** as moot in light of the dismissal of the First Amended Complaint.

3.  Plaintiffs' Motion for Partial Summary Judgment With Respect to Counts I and III of the First Amended Complaint (Doc. #33) is **DENIED** as moot in light of the dismissal of the First Amended Complaint.

**DONE AND ORDERED** at Fort Myers, Florida, this __22nd__ day of March, 2010.

JOHN E. STEELE
United States District Judge

---

[3](...continued)
Bay Properties, Inc. and SWF Properties of Southwest Florida, LTD as shareholders of LBP.  The Certificate also names individuals Linda Lucas and Louise Ukleja, shareholders of Bonita Bay Properties, Inc., as the Managing Members of LBP.  (Doc. #10, p. 2.)  The Certificate does not, however, articulate the citizenship of these members.

Copies:
Counsel of record