UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDERICK L. FELDKAMP; JUDITH L.
FELDKAMP,

    Plaintiffs,

vs.     Case No. 2:09-cv-253-FtM-29SPC

LONG BAY PARTNERS, LLC a Florida
limited liability company,

    Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on plaintiffs' Motion for a Temporary Restraining Order, or Alternatively, to Appoint a Receiver (Doc. #41, #42) filed on November 30, 2009. The Court has construed the Motion as a request for preliminary injunction (Doc. #45). Defendant filed a Response (Doc. #47) on December 1, 2009. Plaintiffs filed a Reply (Doc. #61) on February 10, 2010. Plaintiffs' Second Amended Complaint (Doc. #70) alleges claims for breach of contract, unjust enrichment, declaratory judgment, and violation of the Uniform Fraudulent Transfers Act ("UFTA").

**I.**

In April 2005, plaintiffs Frederick L. Feldkamp and Judith L. Feldkamp ("plaintiffs" or "Feldkamps") entered into an agreement to purchase a home from defendant Long Bay Partners, LLC ("LBP"). (Doc. #70, ¶ 7.) As an incentive to purchase the property,

plaintiffs received a certificate for a $30,000 credit towards a resident golf membership at Shadow Wood Country Club ("Shadow Wood"). (Doc. #70, ¶ 8.) The total cost of the golf membership was $92,000, thus plaintiffs were responsible for $62,000 of that cost. (Doc. #70, ¶ 10.) In addition to the deposit, plaintiffs would be responsible for monthly membership dues. (Doc. #70, ¶ 25).

In July 2005, the Feldkamps chose to use their $30,000 credit and submitted an Application for Resident Golf Membership (the "Application") at Shadow Wood. (Doc. #70, ¶¶ 9-10.) LBP accepted the Application. Plaintiffs were members of Shadow Wood for approximately four years until March 2009 when plaintiffs decided to terminate their membership. (Doc. #70, ¶ 32.)

Pursuant to the terms of the Application, plaintiffs contend that their membership deposit was fully refundable. (Doc. #70, ¶ 11.) Thus, in March 2009, plaintiffs gave LBP 30 days notice of their resignation and requested a refund of their deposit. (Doc. #70, ¶ 32.) LBP refused. (Doc. #70, ¶ 34.) LBP asserted that it had the authority to unilaterally suspended the refund policy. (Doc. #70, ¶ 30.)

Plaintiffs challenge this suspension and LBP's refusal to refund their deposit. Plaintiffs further contend that LBP is fraudulently diverting all of its liquid assets to the detriment of plaintiffs and other similarly situated persons. As a result, plaintiffs seek a preliminary injunction prohibiting LBP from

disposing of the proceeds of the sale of any of its assets, or alternatively, the appointment of a receiver to oversee any sale proceeds.[1]

**II.**

In <u>Grupo Mexicano de Desarrollo, S.A. v. Alliance Bond Fund, Inc.</u>, 527 U.S. 308, 318-33 (1999), the Supreme Court held that a preliminary injunction could not issue to preserve assets to which a party did not yet have a legal claim. Thus, when a plaintiff seeks solely money damages, a preliminary injunction is not available. <u>Id.</u> <u>Grupo</u>, however, excepted from this rule instances of fraudulent conveyance. <u>Id.</u> at 322. The Court recognized that debtors commonly try to avoid paying their debts or favor some creditors over others: "The law of fraudulent conveyances and bankruptcy was developed to prevent such conduct; an equitable power to restrict a debtor's use of his unencumbered property before judgment was not." <u>Id.</u> In <u>Grupo</u>, the plaintiffs sought solely money damages. As a result, the Court held that issuance of a preliminary injunction was improper. <u>Id.</u> at 333.

Here, however, plaintiffs allege a claim for violation of the UFTA which, if successful, could support the issuance of a preliminary injunction. As a result, the Court will limit its opinion to this count of the complaint.

---

[1] The Court notes that plaintiffs' motion sought to freeze the proceeds of the sale of LBP's Club at Mediterra and that, according to defendant, those proceeds have already been disbursed to LBP's lender, KeyBank. (Doc. #47.)

**III.**

In the Eleventh Circuit, issuance of "a preliminary injunction is an extraordinary and drastic remedy that should not be granted unless the movant clearly carries [the] burden of persuasion on each of [four] prerequisites." Suntrust Bank v. Houghton Mifflin Co., 252 F.3d 1165, 1166 (11th Cir. 2001). See also McDonald's Corp. v. Robertson, 147 F.3d 1301, 1306 (11th Cir. 1998). The four prerequisites for a preliminary injunction are: (1) a substantial likelihood of succeeding on the merits; (2) a substantial threat of irreparable injury if relief is denied; (3) an injury that outweighs the opponent's potential injury if relief is granted; and (4) an injunction would not harm or do a disservice to the public interest. Suntrust Bank, 252 F.3d at 1166; American Red Cross v. Palm Beach Blood Bank, 143 F.3d 1407, 1410 (11th Cir. 1998); Gold Coast Publ'ns, Inc. v. Corrigan, 42 F.3d 1336, 1343 (11th Cir. 1994), cert. denied, 516 U.S. 931 (1995). The burden of persuasion for each of the four requirements is upon the movant. Siegel v. LePore, 234 F.3d 1163, 1176 (11th Cir. 2000)(en banc).

A federal court sitting in diversity applies the substantive law of the forum state unless federal constitutional or statutory law compels a contrary result. Tech. Coating Applicators, Inc. v. U.S. Fid. & Guar. Co., 157 F.3d 843, 844 (11th Cir. 1998). Here, the law of Florida is applicable.

Florida's Uniform Fraudulent Transfer Act provides:

> (1) A transfer made or obligation incurred by a debtor is
> fraudulent as to a creditor, whether the creditor's claim

arose before or after the transfer was made or the obligation was incurred, if the debtor made the transfer or incurred the obligation:

(a) With actual intent to hinder, delay, or defraud any creditor of the debtor[2]; or

(b) Without receiving a reasonably equivalent value in exchange for the transfer or obligation, and the debtor:

> 1. Was engaged or was about to engage in a business or a transaction for which the remaining assets of the debtor were unreasonably small in relation to the business or transaction; or
>
> 2. Intended to incur, or believed or reasonably should have believed that he or she would incur, debts beyond his or her ability to pay as they became due.

FLA. STAT. § 726.105. Plaintiffs allege that LBP transferred assets to members and/or affiliates and granted a group of lenders the right to a security interest in its assets. Plaintiffs further allege "upon information and belief" that LBP failed to receive "reasonably equivalent value" in exchange for these transfers and

---

[2] In determining actual intent under paragraph (1)(a), consideration may be given, among other factors, to whether: The transfer or obligation was to an insider; The debtor retained possession or control of the property transferred after the transfer; The transfer or obligation was disclosed or concealed; Before the transfer was made or obligation was incurred, the debtor had been sued or threatened with suit; The transfer was of substantially all the debtor's assets; The debtor absconded; The debtor removed or concealed assets; The value of the consideration received by the debtor was reasonably equivalent to the value of the asset transferred or the amount of the obligation incurred; The debtor was insolvent or became insolvent shortly after the transfer was made or the obligation was incurred; The transfer occurred shortly before or shortly after a substantial debt was incurred; The debtor transferred the essential assets of the business to a lienor who transferred the assets to an insider of the debtor. FLA. STAT. § 726.105(2)(a)-(k).

intended to hinder, delay, or prevent recovery by plaintiffs and other similarly situated persons.

Plaintiffs fail to submit sufficient evidence to support these contentions. A mere conclusory statement that LBP "failed to receive reasonably equivalent value" is insufficient to support an injunction. Further, the fact that a transfer occurred, without more, is not enough to demonstrate fraudulent intent. Jacksonville Bulls Football, Ltd. v. Blatt, 535 So. 2d 626, 629 (Fla. 3d DCA 1989); see also In re LeNeve, 341 B.R. 53, 61 (Bankr. S.D. Fla. 2006)("repaying one creditor at the expense of others may not be nice but it does not automatically provide conclusive evidence of fraudulent intent"). Based on the evidence submitted in support of this motion, the Court finds that plaintiffs are unlikely to succeed on the merits of their UFTA claim. As a result, the Court need not address the remaining factors, and will deny preliminary injunctive relief.

## IV.

Plaintiffs also request that the Court appoint a receiver to take over defendant's business operations. The appointment of a receiver in a diversity action is governed by federal law, and is a matter within the sound discretion of the court. Nat'l P'ship Inv. Corp. v. Nat'l Hous. Dev. Corp., 153 F.3d 1289, 1291 (11th Cir. 1998). Imposition of a receiver on a company "is a drastic measure, the detrimental business effects of which should be carefully considered." SEC v. Spence & Green Chem. Co., 612 F.2d

896, 904 (5th Cir. 1980)[3]. Relevant factors to consider in deciding whether a receiver should be appointed include whether there has been fraudulent conduct on the part of the defendant; whether there is imminent danger that property will be lost or squandered; the inadequacy of available legal remedies; whether the probability that harm to the plaintiff by denial of the appointment would be greater than the injury to the parties opposing appointment; the plaintiff's probable success in the action and the possibility of irreparable injury to his interests in the property; and whether the interests of the plaintiff and others sought to be protected will in fact be well served by the receivership. <u>Consolidated Rail Corp. v. Fore River Ry. Co.</u>, 861 F.2d 322, 326-27 (1st Cir. 1988)(citations omitted). The Court concludes that these factors do not support appointment of a receiver in order to ensure that assets will be available if plaintiffs recover the $96,000 judgment they seek.

Accordingly, it is now

**ORDERED:**

1. Plaintiffs' Motion for Preliminary Injunction (Doc. #41) is **DENIED.**

---

[3]In <u>Bonner v. City of Prichard</u>, 661 F.2d 1206, 1209 (11th Cir. 1981) (en banc) the Eleventh Circuit adopted as binding precedent all the decisions of the former Fifth Circuit handed down prior to the close of business on September 30, 1981.

2. Plaintiff's Motion for Appointment of Receiver (Doc. #42) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this  16th  day of June, 2010.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record