UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
FORT MYERS DIVISION

FREDERICK L. FELDKAMP; JUDITH L. FELDKAMP,

        Plaintiffs,

vs.                        Case No. 2:09-cv-253-FtM-29SPC

LONG BAY PARTNERS, LLC a Florida limited liability company,

        Defendant.
_____

**OPINION AND ORDER**

This matter comes before the Court on Plaintiffs, Frederick L. Feldkamp and Judith L. Feldkamp's Second Amended Motion for Attorneys Fees and Non-Taxable Costs (Doc. #151) filed on March 11, 2011. Defendant's Memorandum in Opposition (Doc. # 162) was filed on March 16, 2012, Plaintiffs' Reply (Doc. #166) was filed on April 2, 2012, and Defendant's Sur-Reply (Doc. #167) was filed on April 9, 2012.

The parties dispute whether a proposed settlement by plaintiffs complied with the requirements of Florida law so that subsequent attorney fees and costs are shifted to defendant, who rejected the proposal. On August 3, 2009, counsel for plaintiffs sent defendant a "Plaintiffs' Proposal for Settlement" on behalf of "Plaintiffs Frederick L. Feldkamp and Judith L. Feldkamp (collectively, the 'Feldkamps')". (Doc. #151-1.) Plaintiffs served the proposal for settlement "pursuant to Florida Statutes

section 768.79 and Rule 1.442 of the Florida Rules of Civil Procedure". Id.  The "Party Making Proposal" was identified as "Plaintiffs, Frederick L. Feldkamp and Judith L. Feldkamp. ('Offerors')", and defendant was identified as the "Offeree". Id. The proposal was that the "Offerors and Offeree" would cause defendant to dismiss this federal case with prejudice and the Offeree would pay "Offerors $46,465.39." Id. The proposal would "settle all of Offerors' claims against Offeree as asserted in Plaintiffs' complaint." Id. This proposal was rejected in writing on or about September 2, 2009 (Doc. #151-2), and judgment was ultimately entered in favor of plaintiffs for $92,000. Plaintiffs now seek attorney fees and costs based on their rejected settlement offer.

Florida Statute Section 768.79 generally creates a right to recover reasonable costs and attorney fees when a party has satisfied the terms of the statute and the opposing party unreasonably rejects a settlement offer. Attorneys' Title Ins. Fund, Inc. v. Gorka, 36 So. 3d 646, 649 (Fla. 2010). Florida Rule of Civil Procedure 1.442 provides the method and means of implementing this right by outlining the required form and content of a proposal for settlement. Id. Since an award of attorneys' fees is in derogation of the common law principle that each party pays its own attorneys' fees, Florida courts strictly construe the language of the statute and rule. Id.

In 2009, when the offer in this case was made and rejected, Fla. R. Civ. P. 1.442 provided that "[a] joint proposal shall state the amount and terms attributable to each party." Fla. R. Civ. P. 1.442(c)(3)(2009)[1]. The Florida Supreme Court held that where an offer is "made by multiple offerors [it] must apportion the amounts attributable to each offeror" in order to support a fee award. Willis Shaw Express, Inc. v. Hilyer Sod, Inc., 849 So. 2d 276, 278-79 (Fla. 2003). See also Lamb v. Matetzschk, 906 So. 2d 1037, 1041 (Fla. 2005)(an offer of judgment from a single defendant to multiple plaintiffs requires apportionment of the amount and terms offered to each plaintiff). Where "two offerors make a proposal for settlement to one offeree, the offeree is entitled to know the amount and terms of the offer that are attributable to each offeror in order to evaluate the offer as it pertains to that party." Allstate Ins. Co. v. Materiale, 787 So. 2d 173, 175 (Fla. 2d DCA 2001). However, "[t]he plain language of Rule 1.442(c)(3) only requires apportionment if the proposal is made jointly by several

---

[1] Florida Rule of Civil Procedure 1.442 was amended effective January 1, 2011, to add that "[n]otwithstanding subdivision (c)(3), when a party is alleged to be solely vicariously, constructively, derivatively, or technically liable, whether by operation of law or by contract, a joint proposal made by or served on such a party need not state the apportionment or contribution as to that party." In re Amendments to the Fla. Rules of Civil Procedure, 52 So. 3d 579, 588 (Sept. 8, 2010)(adding subsection (c)(4)). The amendment is inapplicable in this case because the offer of judgment was made in 2009. Duplantis v. Brock Specialty Servs., Ltd., 85 So. 3d 1206, 1208 n.3 (Fla. 5th DCA 2012).

parties." E. Atlantic Realty & Inv. Inc. v. GSOMR LLC, 14 So. 3d 1215, 1221-22 (Fla. 3d DCA 2009).

Plaintiffs argue that their proposal was not a "joint" proposal made by several parties, and therefore it need not have apportioned the amounts attributable to each offeror. This is so, plaintiffs argue, because they owned the golf club membership deposits as husband and wife, and assets owned by the entireties are deemed owned as "one person" (although related liabilities are separate). Plaintiffs rely primarily on Wolfe v. Culpepper Constructors, Inc., ___ So. 3d ___, 2012 WL 638732 (Fla. 2d DCA Feb. 29, 2012). The Court is not convinced, and finds that this case is an example of exactly why the strict construction of the statute and rule are necessary.

It is certainly true that a married couple presumptively takes title to real property in the entireties, assuming the other requirements are satisfied. Beal Bank, SSB v. Almand & Assocs., 780 So. 2d 45, 52-54 (Fla. 2001). However, property held by a married couple is not always by the entireties. "[M]arried persons may hold property individually, as tenants in common, or as joint tenants, as well as hold property as tenants by the entirety." Amsouth Bank of Fla. v. Hepner, 647 So. 2d 907, 909 (Fla. 1st DCA 1994). See also Beal Bank, 780 So. 2d at 52-53. And with personal property such as a club membership, there is no presumption of ownership by the entireties, and the intention of the parties must

be shown. Beal Bank, 780 So. 2d at 54. Additionally, it has long been the law that title to property held by the entirety may be ended by the agreement of the husband and wife to do so. Sheldon v. Waters, 168 F.2d 483, 484-85 (5th Cir. 1948); Passalino v. Protective Group Sec., Inc., 886 So. 2d 295, 297 (Fla. 4th DCA 2004). "The agreement need not be explicit; it can be inferred from the conduct of the parties." Passalino, 886 So. 2d at 297. All of this means, in the context of a settlement offer, that the offer by parties who are husband and wife is not necessarily an offer by "one person."

Plaintiffs' argument that an offer of settlement by a husband and wife is made by "one person" and therefore need not comply with Rule 1.442(c)(3) has been rejected in Graham v. Yeskel, 928 So. 2d 371, 372 (Fla. 4th DCA 2006). The more recent Wolfe is not to the contrary because the joint offer in that case did separately identify the interests of the husband and wife individually. Additionally, the language of the settlement offer in this case is not phrased as coming from one person, but consistent refers to "plaintiffs" or "offerors" in the plural, and identifies them "collectively" as the "Feldkamps". (Doc. #151-1.) The Court concludes that plaintiffs failed to comply with Rule 1.442(c)(3), and therefore there motion will be denied.

Accordingly, it is now

**ORDERED**:

Plaintiffs, Frederick L. Feldkamp and Judith L. Feldkamp's Second Amended Motion for Attorneys Fees and Non-Taxable Costs (Doc. #151) is **DENIED**.

**DONE AND ORDERED** at Fort Myers, Florida, this ___10th___ day of September, 2012.

_____
JOHN E. STEELE
United States District Judge

Copies:
Counsel of record